RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE    9/19/08
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES HOUSTON HICKS | DOCKET NO. 08-CV-835; SEC. P |
| VERSUS | JUDGE DRELL |
| MEDICAL CLERK MARGIE, ET AL. | MAGISTRATE JUDGE KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on June 10, 2008, by *pro se* plaintiff James Houston Hicks. A Report and Recommendation was filed on July 7, 2008, recommending that Plaintiff's complaint be denied and dismissed. [Doc. #7] On July 8, 2008, a Motion to Amend/Correct Complaint by Plaintiff was filed into the record. [Doc. #8] The Motion was granted on July 18, 2008, and the district judge remanded the case for a determination of whether the amended petition in any way changes the report and recommendation. As explained herein, after reviewing the supplemental amended complaint, the recommendation is the same.

Plaintiff is currently incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff originally named as defendants Medical Clerk Margie, Pat Thomas, Tim Wilkinson, Winn Correctional Center, and Corrections Corporation of America. In his Motion to Amend/Correct Complaint [Doc. #7], Plaintiff requested that Medical Clerk Margie be dismissed from the suit, and the motion was granted. Thus, Margie is no longer a defendant.

## STATEMENT OF THE CASE

Plaintiff alleges that an inmate request form was filled out in his name by Medical Clerk Margie, but without his consent. In the form, it is requested that Plaintiff's limited duty status be dropped so that Plaintiff can take a job. [Doc. #1, p.9] First, while Plaintiff alleges that Margie forged his name, the document he submitted as the forged document has nothing on it purporting to be Plaintiff's signature. The inmate signature line on that document is blank. [Doc. #1, p.9]

Moreover, while Margie may have created this request in Plaintiff's name, nothing resulted from the request because, as written in the "response" section at the bottom of the form, Plaintiff's duty status could not be changed through an inmate request form, and Plaintiff would have to be "screened through sick call" in order to have his duty status changed. [Doc. #1, p.9]

Plaintiff claims that the defendants are liable to him for "forgery, deception, and discrimination to defraud" by trying "to make it look like Plaintiff wanted to work." [Doc. #1, p.4] Plaintiff alleges that Warden Wilkinson and Pat Thomas were negligent in failing to train, instruct, and supervise their employee and are vicariously liable for Margie's actions.

Plaintiff filed an Amended Complaint [Doc. #6] on June 30, 2008, adding the same allegations raised in a prior lawsuit. In civil action number 1:07-cv-2223, Plaintiff claimed that he had

been denied proper medical treatment for a back injury sustained three years prior to his incarceration at Winn Correctional. That suit was dismissed and Plaintiff appealed to the Fifth Circuit, but his appeal was dismissed for want of prosecution on June 13, 2008.[1]

In his most recent amended complaint, Plaintiff noted that Medical Clerk Margie is no longer employed at WCC, and he asked that she be dismissed from the suit.

## LAW AND ANALYSIS

### I. Negligence and Vicarious Liability

In his complaint, Plaintiff contends that the defendants are liable based on theories of negligence and/or vicarious liability. First, Plaintiff claims that the defendants are liable to him for negligence. Negligence is not a theory for affixing liability under §1983. Daniels v. Williams, 474 U.S. 327, 333 (1986); Benavides v. Santos, 883 F.2d 385, 387 (5th Cir. 1989). As for the

---

[1] Plaintiff alleged that he has a bulging or herniated disc, for which he sought little to no medical treatment from 2004 until his incarceration at WCC. Plaintiff informed the medical staff of his medical condition upon his arrival at WCC, and Dr. Pacheco issued a duty status for no heavy lifting. Plaintiff later submitted a request form to Pat Thomas for an "inside" duty status because sitting on the ground in the outdoor yard was aggravating his back condition. On July 25, 2007, Plaintiff alleged that Dr. Pacheco stated, "If you needed surgery, it would cost too much and D.O.C. would not pay for it." Dr. Pacheco also advised Plaintiff that losing weight and exercise would help his back. Plaintiff was seen in the infirmary on August 29, 2007, and he received two Motrin. On November 8, 2007, Plaintiff was informed that his appointment at LSU had been cancelled because CCA would be introducing a system whereby LSU doctors could participate in inmate medical exams via closed circuit television. Dr. Pacheco prescribed Naproxin, 500 mg, and Flexaril 10 mg twice a day for three weeks. On December 6, 2007, Plaintiff saw a nurse and received two Motrin. Plaintiff was again seen by Dr. Pacheco and then, on January 6, 2008, he saw nurse Greg Williams who gave Plaintiff a three day supply of Motrin and a three day "lay in."

3

supervisory defendants being vicariously liable for Margie's actions simply because of their supervisory capacities, Plaintiff's claim fails. "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Supervisory officials are not liable under §1983 for the actions of their subordinates on theories of vicarious liability or respondeat superior. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) they implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).[2]

To the extent that Plaintiff seeks to hold Defendants liable for Margie's fraud, forgery, or deception, such claims are not cognizable under §1983. To state a claim for relief in an action brought under §1983, a Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. Plaintiff raises only non-constitutional

---

[2] As noted above, Plaintiff's name was not forged on the document submitted that he submitted to the Court. Rather, the signature line was left blank. [Doc. #1] Even if the inmate request form was submitted without Plaintiff's knowledge or consent, the response on the form clearly indicates that his limited duty status classification could not be changed by way of inmate request, and that Plaintiff would have to go through a medical screening in order to have his classification changed.

4

claims regarding Margie's actions (fraud, forgery, deception) and against the other defendants (negligence and vicarious liability). In the instant suit, Plaintiff does not allege facts indicating that any of the named defendants deprived him of a constitutional right.

## II. Medical Care

To the extent that Plaintiff claims that the actions of these defendants somehow led to the deprivation of proper medical care, his claim is frivolous. As explained in the Report and Recommendation in Plaintiff's prior lawsuit, in order to prevail on a denial of medical care claim, convicts must establish that the denial was "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

5

Plaintiff has not alleged that any of these defendants denied him back surgery or any other medical care. He does not allege facts indicating that he was ever subjected to a substantial risk of serious harm. Nor has he shown an unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Despite his claim that he was being denied a "medically necessary" back surgery, and despite having copies of all of his medical records [Doc. #1], Plaintiff has presented nothing in support of his claim that back surgery is "medically necessary." Plaintiff has not even shown that back surgery was ever prescribed or even recommended by any doctor. Plaintiff cannot show that he is a candidate for back surgery, or that surgery would help or remedy his condition. Plaintiff clearly disagrees with the course of the treatment, but that is insufficient to state a claim for deliberate indifference. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff's claims are entirely conclusory and unsubstantiated. It is well-settled that a civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that all of Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as

frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE